**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH GIBSON,

Defendant-Appellant.

No. 09-8022
(D.C. No. 1:08-CR-00172-WFD-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Defendant Kenneth Gibson appeals his conviction under 18 U.S.C. § 2250 for failing to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"). After initially pleading guilty, Mr. Gibson moved to withdraw his plea and to dismiss the indictment based on

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

several constitutional challenges to the charge against him. The district court allowed withdrawal of the plea in order to consider the motion to dismiss, which it summarily denied, citing recent circuit precedent addressing SORNA. Mr. Gibson then entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss. Following the entry of judgment, he commenced this appeal. He concedes that "many if not all" of his challenges are foreclosed by Tenth Circuit precedent, but "wish[es] to preserve his position by this appeal," Aplt. Br. at 30. We affirm, concluding that all but one of the issues raised are indeed foreclosed by precedent and that Mr. Gibson lacks standing to assert the one new issue raised.

Mr. Gibson admitted the few facts material to this appeal at the hearing when he pleaded guilty. He was convicted in Colorado of third-degree sexual assault in 1993. He knew that he was required to register as a sex offender in any state to which he moved. But upon moving from Colorado to Wyoming in 2008, he knowingly failed to register as a sex offender in Wyoming.

As relevant here, a criminal violation is made out under § 2250 when an offender "(1) is required to register under [SORNA]"; "(2)(B) travels in interstate . . . commerce"; and "(3) knowingly fails to register or update a registration as required by [SORNA]." 18 U.S.C. § 2250. SORNA was enacted in July 2006, and applies to anyone "convicted of a sex offense," 42 U.S.C. § 16911(1), regardless of the date of the offense, 28 C.F.R. § 72.3. *See United States v.*

-2-

*Hinckley*, 550 F.3d 926, 929-30 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2383 (2009). It requires the sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides." 42 U.S.C. § 16913(a). This registration requirement for sex offenders was "not subject to any deferral of effectiveness" and thus "took effect when SORNA was enacted." *Hinckley*, 550 F.3d at 929. SORNA also includes various requirements for states to incorporate into their registration procedures,[1] but states were given a three-year grace period to implement them (on pain of reduction in federal funding), *see United States v. Gould*, 568 F.3d 459, 464 & n.3 (4th Cir. 2009).

Mr. Gibson argues that SORNA's sex-offender registration provisions do not apply to him and that, if they are construed to do so, they run afoul of several constitutional prohibitions. Our precedent forecloses Mr. Gibson's attempts to

---

[1] "By the time that SORNA was enacted in 2006, every State . . . had enacted a sex offender registration law." *United States v. Gould*, 568 F.3d 459, 464 (4th Cir. 2009). SORNA directs states to augment these schemes by requiring, for example,

> that the State "maintain a jurisdiction-wide sex offender registry conforming to the requirements of [SORNA]," [42 U.S.C.] § 16912(a); "provide a criminal penalty" for a sex offender's failure to register, *id.* § 16913(e); "make available on the Internet . . . all information about each sex offender in the registry," *id.* § 16918(a); and "provide the information in the registry . . . about that offender" to various national and local law enforcement agencies and community organizations, *id.* § 16921(b).

*Id.* at 463 n.1 (second brackets added).

avoid application of SORNA.  That his sex offense predated SORNA does not preclude his prosecution for the registration violation, *see Hinckley*, 550 F.3d at 929–30; 28 C.F.R. § 72.3,[2] particularly as the violation occurred in connection with interstate travel following SORNA's passage, *see United States v. Husted*, 545 F.3d 1240, 1244 (10th Cir. 2008).  Nor is his registration violation excepted from SORNA's reach because Wyoming had not implemented all the requirements specified in SORNA.  It is enough for a SORNA violation that he knowingly failed to register in Wyoming; the state's own failure to implement SORNA requirements may "result[] in a 10% reduction of Federal justice assistance funding, [but] not in an excuse for an offender who has failed to register." *Hinckley*, 550 F.3d at 939 (internal quotation marks omitted).

Mr. Gibson's constitutional objections fare no better.  He contends that his due-process rights were violated in two respects.  First, he insists that he lacked notice that his conduct violated SORNA.  But at his plea hearing he admitted that he had knowingly failed to comply with his duty to register with the state.  That is

---

[2]     Mr. Gibson's situation is quite similar to "Example 2" provided in § 72.3, involving a pre-SORNA sex offender who

> initially registers as required, but . . . does not register in any other jurisdiction.  Following the enactment of [SORNA], the sex offender is found to be living in another state and is arrested there.  The sex offender has violated the requirement under [SORNA] to register in each state in which he resides, and could be held criminally liable under 18 U.S.C. 2250 for the violation because he traveled in interstate commerce.

sufficient to satisfy due-process concerns. *See Hinckley*, 550 F.3d at 938 (rejecting what "amounts to an ignorance of the law argument" (internal quotation marks omitted)); *United States v. Lawrance*, 548 F.3d 1329, 1338 (10th Cir. 2008). His second objection is that it is unfair to prosecute him when, he asserts, it was impossible for him to comply with SORNA because Wyoming had not implemented all the directives that SORNA required it to adopt. This contention rests on the same misconception as his previous argument that Wyoming's registration scheme falls outside SORNA's reach. Again, a sex offender complies (or fails to comply) with SORNA by complying (or failing to comply) with the duty to register as a sex offender with the state; whether the state has implemented SORNA requirements may affect its federal funding, but not the sex offender's criminal liability for failing to register. Noting the same point, this court rejected a similar impossibility-of-compliance argument in *Hinckley*, 550 F.3d at 939.

Mr. Gibson contends that his conviction violates the Ex Post Facto Clause by "[p]unishing [him] for failing to register under SORNA when he had no duty to register." Aplt. Br. at 24. But once he moved to Wyoming after SORNA's enactment, federal law required him to register in that state. He violated that duty. *See Lawrance*, 548 F.3d at 1334 (SORNA was "intended as a means of preventing sex offenders from evading their registration requirements by crossing state lines"). He also argues that SORNA violates the Ex Post Facto Clause by

increasing the punishment for his earlier sex offense. As this court has already made clear, however, SORNA does not punish the underlying sex offense but, rather, the offender's subsequent registration violation following interstate travel and, therefore, does not run afoul of the constitutional prohibition on after-the-fact increases in punishment. *See Hinckley*, 550 F.3d at 936–38; *Lawrance*, 548 F.3d at 1333–34.

Mr. Gibson's challenge to SORNA under the Commerce Clause likewise misses the mark. He focuses his challenge on § 2250(a)(2)(A), but he was not prosecuted under that provision. Rather, he was convicted under § 2250(a)(2)(B), which this court has upheld as a proper exercise of federal legislative power under the Commerce Clause: "By requiring that a sex offender travel in interstate commerce before finding a registration violation, SORNA remains well within the constitutional boundaries of the Commerce Clause." *Hinckley*, 550 F.3d at 940.

The one new constitutional challenge raised by Mr. Gibson is that SORNA impermissibly burdens Wyoming, in violation of the Tenth Amendment, by requiring it to register sex offenders before it has voluntarily implemented SORNA by incorporating all of SORNA's registration requirements into its own registration scheme. But SORNA defendants lack standing to assert such claims, which concern rights of the state, not individuals. In *United States v. Parker*, 362 F.3d 1279, 1284–85 & n.4 (10th Cir. 2004), we held that individuals do not have standing to assert Tenth Amendment claims unless their interests are aligned

with the state's interests.  A SORNA defendant prosecuted for violating state sex-offender registration requirements can hardly claim his interest aligns with that of the state whose law the federal government is enforcing.  *See United States v. Hacker*, 565 F.3d 522, 527 (8th Cir. 2009).

The judgment of the district court is AFFIRMED.


Entered for the Court


Harris L Hartz
Circuit Judge