FILED
United States Court of Appeals
Tenth Circuit

November 3, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT JOHN KUEKER,

    Defendant - Appellant.

No. 09-8052

(D. Wyoming)

(D.C. No. 08-CR-00273-1-WFD)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On November 20, 2008, defendant and appellant Robert John Kueker was

charged by indictment with failure to register as a sex offender in accordance with

the Sex Offender Registration and Notification Act ("SORNA"), in violation of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

18 U.S.C. § 2250(a). On November 25, he pled not guilty, and on December 15, Mr. Kueker filed a motion to dismiss the indictment. Following a hearing on January 8, 2009, the motion was denied.

Following the denial of his motion to dismiss, Mr. Kueker entered a conditional guilty plea under Fed. R. Crim. P. 11(a)(2), pursuant to a plea agreement with the government. The agreement preserved for Mr. Kueker the opportunity to appeal the district court's denial of his motion to dismiss. Mr. Kueker was sentenced to thirty-seven months' imprisonment, followed by ten years of supervised release. This appeal followed, in which we affirm the denial of Mr. Kueker's motion to dismiss.

## BACKGROUND

In 1997, in El Paso County, Colorado, Mr. Kueker was convicted of criminal attempt to commit sexual assault on a juvenile. He was sentenced to four years imprisonment, was paroled in 2000, was returned to custody that same year, and eventually completed his sentence on January 16, 2003. On January 17, 2003, after completion of his sentence, Mr. Kueker signed an acknowledgment that he was required to register as a sex offender under Colorado law and that, if he later moved or relocated outside of Colorado, he would be required to register in his new state of residence.

On January 20, 2004, Mr. Kueker registered as a sex offender in Illinois. On October 8, 2004, Mr. Kueker was convicted of unlawfully failing to register as a sex offender in Randolf County, Illinois, and was sentenced to thirty months' in prison. He was discharged from that sentence on January 12, 2006. Mr. Kueker was subsequently convicted, again, for failing to keep his sex offender registration current, and he was sentenced to two years in prison. He was discharged from that sentence on July 18, 2007.

At some point in 2008, Mr. Kueker moved to Wyoming. He apparently stayed at the Comea House Shelter in Cheyenne, Wyoming, throughout the summer of 2008, before he moved to the Central Wyoming Rescue Mission in Casper, Wyoming. He remained there until he was arrested in connection with the instant case in October 13, 2008. Mr. Kueker never registered as a convicted sex offender in Wyoming. As indicated above, he ultimately pled guilty to failure to register as a sex offender under SORNA, which is a violation of 18 U.S.C. § 2250(a).

On appeal, Mr. Kueker argues: (1) his right to due process has been violated because (a) his original sex offense occurred prior to the enactment of 18 U.S.C. § 2250, and he therefore did not have notice and fair warning that his failure to register would violate the federal statute, SORNA, (b) at the time of his conviction for failing to register, he was unable to register because Wyoming had not yet enacted laws to fully comply with SORNA, and (c) he was unable to

register under the plain language of SORNA, 42 U.S.C. § 16913(b); (2) punishing him for violating SORNA violates the *Ex Post Facto* clause; (3) 18 U.S.C. § 2250(a)(2)(A) violates the Commerce Clause by punishing purely local intrastate activity that does not substantially affect interstate commerce; and (4) if SORNA forces Wyoming to register sex offenders before it has the opportunity to comply with SORNA, SORNA violates the Tenth Amendment.  He also argues, more generally, that SORNA simply does not apply to him.[1]

Mr. Kueker concedes that "many if not all" of his arguments are foreclosed by Tenth Circuit precedent, but he "wish[es] to preserve his position by this appeal."  Appellant's Br. at 32.  We affirm the denial of Mr. Kueker's motion to dismiss the indictment filed against him, concluding that all but one of the issues raised are indeed foreclosed by circuit precedent and that Mr. Kueker lacks standing to argue the one new issue raised.

**DISCUSSION**

Mr. Kueker pled guilty to a violation of 18 U.S.C. § 2250.  A violation of § 2250 is established by showing that an offender "(1) is required to register under [SORNA]"; "(2)(B) travels in interstate . . . commerce"; and "(3)

[1]Both parties phrase the issues in a variety of ways, at times using overlapping and/or redundant allegations and concepts.  We have done our best to distill the issues as we see them so that we can then address in a coherent and comprehensible fashion.

-4-

knowingly fails to register or update a registration as required by [SORNA]." 18 U.S.C. § 2250. SORNA was enacted in July 2006, and applies to anyone "convicted of a sex offense," 42 U.S.C. § 16911(1), regardless of the date of the offense, 28 C.F.R. § 72.3. See United States v. Hinckley, 550 F.3d 926, 929-30 (10th Cir. 2008), cert. denied, 129 S. Ct. 2383 (2009). It requires the sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides." 42 U.S.C. § 16913(a). This registration requirement for sex offenders was "not subject to any deferral of effectiveness" and thus "took effect when SORNA was enacted." Hinckley, 550 F.3d at 929. SORNA also includes various requirements for states to incorporate into their registration procedures, but states were given a three-year grace period to implement them, lest their federal funding be reduced. See United States v. Gould, 568 F.3d 459, 464 & n.3 (4th Cir. 2009).

As indicated, Mr. Kueker argues that SORNA's sex-offender registration provisions do not apply to him and that, if they are construed to do so, they run afoul of several constitutional provisions. Recent cases from our circuit, both published and unpublished, directly address and foreclose Mr. Kueker's efforts to avoid application of SORNA. See United States v. Gibson, No. 09-8022, 2009 WL 3193527 (10th Cir. Oct. 7, 2009) (unpublished). The fact that his sex offense predated SORNA does not preclude his prosecution for the registration violation, particularly as the violation occurred in connection with interstate travel

following SORNA's passage.  See Hinckley, 550 F.3d at 929-30; United States v. Husted, 545 F.3d 1240, 1244 (10th Cir. 2008).  Nor is Mr. Kueker's registration violation excepted from SORNA's reach because Wyoming had not implemented all the requirements specified in SORNA.  It is sufficient to establish a SORNA violation that Mr. Kueker knowingly failed to register in Wyoming; the state's own failure to implement SORNA requirements may "result[] in a 10% reduction of Federal justice assistance funding, [but] not in an excuse for an offender who has failed to register."  Hinckley, 550 F.3d at 939 (internal quotation marks omitted).

Mr. Kueker's constitutional arguments fare no better.  He argues that his due process rights were violated in several respects.  First, he argues he lacked notice that his conduct violated SORNA.  This is belied by the fact that he *did* register in Illinois and Colorado, and he was convicted twice for failing to keep his registration current in Illinois.  See Hinckley, 550 F.3d at 938 (rejecting what "amounts to an ignorance of the law argument" (internal quotation marks omitted)); United States v. Lawrance, 548 F.3d 1329, 1338 (10th Cir. 2008).  Mr. Kueker also asserts that it is unfair to prosecute him when, he claims, it was impossible for him to comply with SORNA because Wyoming had not implemented all the directives that SORNA required it to adopt.  This contention rests on the same misconception as his previous argument that Wyoming's registration scheme falls outside SORNA's reach.  Again, a sex offender complies

(or fails to comply) with SORNA by complying (or failing to comply) with the duty to register as a sex offender with the state; whether the state implemented SORNA requirements may affect its federal funding, but not the sex offender's criminal liability for failing to register. Noting the same point, we rejected a similar impossibility-of-compliance argument in Hinckley, 550 F.3d at 939.

Mr. Kueker also contends that his conviction violates the Ex Post Facto Clause by "[p]unishing [him] for failing to register under SORNA when he had no duty o register." Appellant's Br. at 25. But once he moved to Wyoming after SORNA's enactment, federal law required him to register in that state. He violated that duty. See Lawrance, 548 F.3d at 1334 (observing that SORNA was "intended as a means of preventing sex offenders from evading their registration requirements by crossing state lines"). To the extent Mr. Kueker argues that SORNA also violated the Ex Post Facto Clause by increasing the punishment for his earlier sex offense, this court has already made clear that SORNA does not punish the underlying sex offense but, rather, the offender's subsequent registration violation following interstate travel. It does not, therefore, run afoul of the constitutional prohibition on after-the-fact increases in punishment. See Hinckley, 550 F.3d at 936-38; Lawrance, 548 F.3d at 1333-34.

Mr. Kueker's challenge to SORNA under the Commerce Clause likewise misses the mark. He focuses his challenge on § 2250(a)(2)(A), but he was not prosecuted under that provision. Rather, he was convicted under § 2250(a)(2)(B),

which this court has upheld as a proper federal legislative power under the Commerce Clause: "By requiring that a sex offender travel in interstate commerce before finding a registration violation, SORNA remains well within the constitutional boundaries of the Commerce Clause." Hinckley, 550 F.3d at 940.

The one new constitutional challenge raised by Mr. Kueker is that SORNA impermissibly burdens Wyoming, in violation of the Tenth Amendment, by requiring it to register sex offenders before it has voluntarily implemented SORNA by incorporating all of SORNA's registration requirements into its own registration scheme. But SORNA defendants lack standing to assert such claims, which concern rights of the state, not individuals. In United States v. Parker, 362 F.3d 1279, 1284-85 & n.4 (10th Cir. 2004), we held that individuals do not have standing to assert Tenth Amendment claims unless their interests are aligned with the state's interests. A SORNA defendant prosecuted for violating state sex-offender registration requirements can hardly claim his interest aligns with that of the state whose law the federal government is enforcing. See United States v. Hacker, 565 F.3d 522, 527 (8th Cir. 2009).

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-8-